Ashley Farrell Pickett (SBN 271825)
ashley.farrellpickett@gtlaw.com
Bryan W. Patton (SBN 294910)
bryan.patton@gtlaw.com
Jonathan A. Schaub (SBN 298892)
jonathan.schaub@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.:   310-586-7700
Fax:   310-586-7800

Attorneys for Defendant Netflix, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA COMBS, an Individual, | Case No. |
| Plaintiff, | Assigned to |
| v. | **DEFENDANT NETFLIX, INC.'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT** |
| NETFLIX, INC., a Delaware Corporation Registered with the California Secretary of State, and DOES 1-20, Inclusive, | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| Defendants. | State Action Filed: July 29, 2024<br>State Action Served: September 20, 2024<br>Removal Filed: October 21, 2024 |

DEFENDANT NETFLIX, INC.'S NOTICE OF REMOVAL

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Netflix, Inc. ("Defendant") hereby removes the above-captioned action, *JESSICA COMBS v. NETFLIX, INC. ET. AL,* Los Angeles County Superior Court Case No. 24STCV18761 (the "Action") from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446 on the grounds articulated below. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Defendant will provide evidence to support contested allegations of this pleading as required in response to any challenge to the Court's jurisdiction.[1]

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this matter is between citizens of different states within the meaning of that provision and the amount in controversy exceeds $75,000.

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"). As the Supreme Court has clarified, "if the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 553–54. Should Plaintiff properly submit a supplemental motion to remand, Defendants would then respond with evidence.

## VENUE

2. The instant Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file are attached hereto as Exhibit A. These documents consist of Plaintiff's Summons and Complaint and the remainder of the state court file.

## SERVICE ON THE STATE COURT

4. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

## PLEADINGS, PROCESS, AND ORDERS

5. On or about July 29, 2024, Plaintiff filed a Complaint in the Superior Court for the County of Los Angeles captioned *JESSICA COMBS v. NETFLIX, INC. ET. AL,* Los Angeles County Superior Court Case No. 24STCV18761 ("Complaint"). Defendant was served with the Summons and Complaint no earlier than September 20, 2024.

6. According to the Complaint, Plaintiff is a former employee of Defendant. [Complaint ¶¶ 7–9.] The Complaint asserts causes of action for (i) discrimination, (ii) retaliatory termination, (iii) sexual harassment, (iv) failure to prevent harassment, (v) harassment, (vi) violation of Labor Code § 1102.5, (vii) negligence, (viii) wrongful

termination, (xi) hostile work environment, and (x) breach of covenant of good faith and fair dealing. [*See* Complaint.]

### REMOVAL IS TIMELY

7. This removal is timely. Plaintiff served Defendant with the Complaint and Process on or after September 20, 2024. This removal is within 30 days of the service of the Action on Defendant. Moreover, where a Plaintiff does not expressly concede in writing all elements necessary for removal, a defendant may remove on the basis of its own information within one year of the commencement of the action if the removal is based on traditional diversity jurisdiction. *Roth v. CHA Hollywood Med. tr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013). In this regard, "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant." *Id*. *See also Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming *Roth* holding; "We also recently held in *Roth v. CHA Hollywood Medical Center, L.P.*, that the two 30–day periods are not the exclusive periods for removal. In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time.") (citation omitted). In all events, and as noted, Defendant has removed this action within 30 days of service. This removal is therefore timely.

### NO ADMISSION

8. By this filing, Defendant does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

**ORIGINAL DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

9. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a). Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).

10. Both requirements are satisfied here because diversity of citizenship exists between Plaintiff and Defendant and Plaintiff's contentions place in controversy a sum in excess of $75,000, exclusive of interest and costs.

**The Citizenship of Plaintiff Is Diverse From That of Defendant**

11. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).

12. Plaintiff alleges that "she is currently a resident of the State of Tennessee." [Complaint ¶ 1.] Further, she alleges that after contemplating the move to Tennessee with her fiancé, and "ma[king] plans to relocate their home" there, she "moved her family to Tennessee" as of December 2020—almost four years ago. [*Id.* ¶¶ 38–39.] Upon information and belief, therefore, Plaintiff is a citizen of the State of Tennessee.

13. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A corporation's principal place of business will typically be where the corporation maintains

its headquarters. *Id*.

14. Defendant is a corporation incorporated under the laws of the State of Delaware, and has its corporate headquarters, where its officers reside and direct, control, and coordinate the corporation's activities, in the State of California. Thus, Defendant is a citizen of the States of Delaware and California—where it is incorporated and has its principal place of business, respectively—and not Tennessee.

15. Thus, because Plaintiff is a citizen of Tennessee and Defendant is a citizen of Delaware and California, the Action is between citizens of different states under the definition of 28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

16. As discussed herein, the amount placed "in controversy" by Plaintiff's claims exceeds $75,000.

17. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."

18. This jurisdictional element concerns "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn*, 536 F. Supp. 2d at 1205 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2nd 993, 1001 (C.D. Cal. 2002)). It includes potential general and special damages, and penalties, as well as attorney's fees if recoverable by statute or contract. *See,*

*e.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449–50 (S.D. Cal. 1995); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Miller v. Michigan Millers Ins. Co.*, No. C–96–4480 MHP, 1997 WL 136242, at *4–5 (N.D. Cal., 1997); 28 U.S.C. §§ 1332(d)–(e), 1453, 1711–15.

19. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 1036 (2014) (quoting H.R. REP. 112–10, 15–16, 2011 U.S.C.C.A.N. 576, 580) (internal quotation omitted).

20. <u>Plaintiff's Claim for Past Earnings Alone Exceeds $75,000</u>. Plaintiff's Complaint attaches what she asserts to be her offer letter from Netflix, which includes a salary of $120,000 per year. [Complaint, Ex. 2.] She also asserts that she received significant raises while working at Netflix and that "her salary had essentially doubled in less than two years from her date of hire." [Complaint ¶ 36.] Plaintiff claims that she was wrongfully terminated from Netflix almost three years ago on December 1, 2021, and that she is seeking "[l]ost wages and benefits" as well as "special damages, including but not limited to, loss of earnings, past and future." [Complaint ¶ 155, Prayer ¶ 2.] Even using her starting salary of $120,000 per year (or $10,000 per month), and with more than 34 months at issue since her December 2021 termination as of the time of removal, Plaintiff's lost wages/earnings damages alone place at least $340,000 in controversy. Using a conservative increase of $200,000 per year—based on her allegation that her salary at the time of termination "essentially doubled" the $120,000 salary at the time of hire—the amount in controversy for 34 months of wages would be $566,666.67. These alone far exceed the $75,000 threshold.

21. <u>Plaintiff Also Seeks Myriad Additional Damages that Place Even More in Controversy.</u> Although Plaintiff's claims seeking past earnings/wages already far exceed the jurisdictional threshold of $75,000, she also seeks a number of additional damages, including (i) general damages; (ii) future loss of earnings; (iii) impairment of earning power; (iv) lost employment benefits; (v) incidental damages; and (vi) punitive damages. These claims place in controversy still other sums.

22. <u>Attorney Fees Through the Life of the Litigation</u>. On top of all the foregoing, Plaintiff seeks recovery of attorney fees. [Complaint, Prayer ¶ 4.] As the Ninth Circuit has held, the amount in controversy includes all reasonable attorney fees not merely through the date of removal, but through resolution of the action. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (reasoning that where attorney's fees are awarded under a fee-shifting statute, they are part of the amount in controversy, and thus as part of the amount in controversy, future attorney fees may not be excluded from amount in controversy as a matter of law: "[b]ecause the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy"). *See also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative. Plaintiff is mistaken. [In *Galt*] [t]he Ninth Circuit clearly … anticipated that district courts would project fees beyond removal."); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15–CV–04035–CAS (JEMx), 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015) (adopting *Simmons* reasoning and holding that "the Court agrees with defendant that a conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination");

7

DEFENDANT NETFLIX, INC.'S NOTICE OF REMOVAL

*Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (holding attorneys' fees through trial are properly included in amount in controversy consideration; "post-removal attorneys' fees … are part of the 'total amount at stake'"); *Sawyer v. Retail Data, LLC*, No. SACV 15–0184 JVS (RNBx), 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (same).[2]

23.     Here, Plaintiff pursues a large number of claims with disparate factual inquiries to support the recoveries she seeks. These include asserted:

- discrimination;
- retaliatory termination;
- sexual harassment;
- failure to prevent harassment;
- harassment;
- violation of Labor Code § 1102.5;
- negligence;
- wrongful termination;

---

[2] *See also Pulera v. F&B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 WL 3863489, at *4 (E.D. Cal. 2008) ("While the amount in controversy is determined at the time an action commences, where attorney's fees are recoverable by statute, this determination includes a reasonable estimate of the attorney's fees likely to be incurred."); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), ("[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *Tompkins v. Basic Research LLC*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. 2008) (the "amount in controversy includes a reasonable estimate of attorneys' fees likely to be incurred"); *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. 2007) ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

     • hostile work environment; and

     • breach of covenant of good faith and fair dealing.

Without question – and certainly "more likely than not" – assuming prosecution of these claims through trial places "in controversy" a recovery by Plaintiff of his attorney fees in an amount in excess of $75,000. Of course, this figure is added to the figures discussed above (themselves in excess of $75,000).

     24.    Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

     25.    Defendant reiterates that by this filing, Defendant does not admit any liability, does not concede the accuracy of Plaintiff's allegations or contentions, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: October 21, 2024

Respectfully submitted,

GREENBERG TRAURIG, LLP

By   /s/ Ashley Farrell Pickett
      Ashley Farrell Pickett
      Attorneys for Defendant
      Netflix, Inc.