Ashley Farrell Pickett (SBN 271825)
ashley.farrellpickett@gtlaw.com
Bryan W. Patton (SBN 294910)
bryan.patton@gtlaw.com
Jonathan A. Schaub (SBN 298892)
jonathan.schaub@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.:   310-586-7700
Fax:   310-586-7800

Attorneys for Defendant Netflix, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA COMBS, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC., a Delaware Corporation Registered with the California Secretary of State, and DOES 1-20, Inclusive,<br><br>    Defendants. | Case No. 2:24-cv-09037-MRA-MAA<br><br>Assigned to the Hon. Mónica Ramírez Almadani<br><br>**DECLARATION OF RAYMOND FISHER-TRAVIS IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:   January 6, 2025<br>Time:   1:30 p.m.<br>Courtroom:   10B |

I, Raymond Fisher-Travis, declare as follows:

1.  I am over the age of 18 years. I am an employee of Netflix, Inc. ("Netflix") in the position of Employee Services Generalist. I make this declaration in support of Netflix's Motion to Compel Arbitration. I know the facts set forth in this declaration to be true based on my own personal knowledge and/or based on my review of business records that Netflix maintains in the ordinary course of business. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2.  I began working for Netflix in 2021. In my current role in the Employee Services department, I have access to the employment records for Plaintiff Jessica Combs ("Plaintiff").

3.  In preparing this declaration, I reviewed Netflix's employment records with respect to Plaintiff, which were maintained by Netflix in the ordinary course of business.

4.  Based on my review of Netflix's records, Plaintiff was offered a position at Netflix on May 5, 2017, with the title of Production Risk and Insurance Specialist. Plaintiff signed her offer letter and accepted the position on May 6, 2017. A true and correct copy of Plaintiff's offer letter is attached hereto as **Exhibit A**.

5.  Plaintiff's offer letter expressly references an enclosed "**AGREEMENT REGARDING YOUR NETFLIX EMPLOYMENT (Including Mutual Agreement to Arbitrate)**" (the "Agreement"). Plaintiff was provided with the opportunity to review, revise, comment on, consult an attorney, or refuse to sign the Agreement. However, based on my review of these records and experience at Netflix, it appears that Plaintiff did not ask any questions about the Agreement, did not attempt to negotiate the terms of the Agreement, and did not ask for more time to review it. Consistent with its title, the Agreement contains a mutual arbitration provision. Plaintiff executed the Agreement on May 6, 2017 via DocuSign. A true and correct copy of Plaintiff's signed Agreement is attached hereto as **Exhibit B**.

/ / /

/ / /

1

DECLARATION OF RAYMOND FISHER-TRAVIS IN SUPPORT OF DEFENDANT
NETFLIX, INC.'S MOTION TO COMPEL ARBITRATION

ACTIVE 703298999

1  6.  Netflix terminated Plaintiff's employment on December 1, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 6th day of November, 2024, at New York, New York .

*Raymond Fisher-Travis*
— DocuSigned by: A2AB25E390FF45F...
Raymond Fisher-Travis

2
DECLARATION OF RAYMOND FISHER-TRAVIS IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION TO COMPEL ARBITRATION
ACTIVE 703298999

# EXHIBIT A



May 5, 2017

Jessica Combs

Dear Jessica,

I am excited about the opportunity to work with you and hope you will accept this offer to join our team at Netflix, Inc. working in the position of Production Risk and Insurance Specialist, reporting to me. We believe in paying top of personal market, and offer you a gross annual salary of $120,000. To give you the opportunity to participate in Netflix's long term success, your offer also includes equity in the form of stock options. The number of options granted is based on 5% of your annual salary in accordance with the Netflix Stock Option Program (SOP). Additionally, you can increase the number of options granted by allocating a portion of your annual salary into the SOP. The details and terms of the SOP are described on our benefits website and upon request.

Netflix offers a variety of competitive healthcare plans. You will receive $15,000 annually towards the cost of your medical premiums, dental and/or vision. Any remaining balance up to $5,000 will be paid as cash (taxable income) spread equally over 26 pay periods.

On the first day of employment, we ask that you provide documentary evidence of your identity and eligibility for employment in the United States to satisfy the requirements of Form I-9.

Our hiring decisions reflect our commitment to make Netflix an exceptional environment by only extending offers to those we consider the best. We hope that you will join us in our mission to transform the way content is created and enjoyed by signing this letter and the Agreement Regarding Your Netflix Employment no later than May 8, 2017, after which this offer expires.

The entire Netflix team is looking forward to working with you!

| Best, | Agreed to and accepted: | |
|---|---|---|
| DocuSigned by:<br>**Terri Herrera**<br>—7B7DF52A86E74D5...<br>Terri Herrera<br>Senior Manager, Production Risk and Insurance | DocuSigned by:<br>**Jessica Combs**<br>—1AB39ACF4A53442...<br>Jessica Combs | May 6, 2017<br>_____<br>Date |

Start Date  5/30/17 _____

100 Winchester Circle, Los Gatos CA 95032   Phone 408.540.3700   www.netflix.com

# EXHIBIT B

# NETFLIX

## AGREEMENT REGARDING YOUR NETFLIX EMPLOYMENT
### (Including Mutual Agreement to Arbitrate)

This Agreement Regarding Your Netflix Employment ("Agreement") sets forth the terms under which you and Netflix will work together.

1) You're an at-will employee. This means that you have no obligation to stay at Netflix if you don't like your work for any reason, and we can terminate you at any time, for any reason, including if we don't believe you have what it takes to be a Netflix employee.

2) What you learn at Netflix stays at Netflix. As part of our culture of freedom and responsibility, Netflix employees are entrusted with information that is not publicly known, including things like marketing and content strategies and materials, product and device technology, financial data, customer data, and business plans and strategies, to name a few. Anything you learn, invent, write, develop or create and any other information you obtain while working at Netflix will remain confidential. It is not to be shared with anyone outside of the company, whether while you are at Netflix or after you leave Netflix, and is to be used only in doing your job at Netflix. If you leave for other employment, you are to return all Netflix confidential information in your possession and you are not to bring or share any such information with your new employer or use it in your new role. Be smart about this confidentiality obligation and take it seriously.

3) What you invent, write, develop, or create at Netflix (your "*Developments*") belongs to Netflix. After all, we're paying you to do these things. To the extent that ownership of and any and all rights (including intellectual property rights) in a Development are not automatically owned by us (for example, as a "work made for hire") you (by signing this Agreement) hereby assign and agree to assign to Netflix the Developments and all rights in those Developments. You also agree to complete any forms or sign any documents that we need to accomplish or confirm our ownership of your Developments, and you agree to cooperate with us in applying for and pursuing patent or other protection for your Developments.

4) Don't use anything that doesn't belong to you. You did great things at other jobs. What you did at those jobs, however, may belong to your previous employer. Don't use or incorporate anything that may belong to a previous employer or anyone else into anything you do at Netflix or make for Netflix.

5) What you invent, write, develop or create on your own time and with your own dime (and using your own equipment and information) that does not relate to our actual or anticipated business will belong to you (please see the attached §2870 of the California Labor Code, which sets out your rights). You don't have to share any of these things with us; however, if you decide to use these things at Netflix or incorporate them into or use them with anything you do for Netflix, you grant Netflix a perpetual, royalty free, worldwide, transferable, sublicensable, irrevocable license to use and exploit these things for any and all purposes.

6) What you do on your own time is your business, but as a Netflix employee, you are not allowed to work with any entity that may compete with Netflix while working for us, without first obtaining our permission. If you have any doubts as to whether your work with another entity may conflict with your work for Netflix, ask your manager.

7) Don't put anything in your email or on your computer that you don't want us to read. Your computer and the network to which it connects belong to us, and we have the right to review any materials placed on them at any time without notice to you.

100 Winchester Circle, Los Gatos CA 95032    Phone 408.540.3700    www.netflix.com

# NETFLIX

8) **Let's not fight in court.** Even in the best of relationships, disputes can arise. Rather than fighting it out in court, both you and Netflix agree to arbitrate under California law (including California's arbitration rules) any claim for breach of this Agreement and all employment related disputes, including claims under state or federal law. You further agree to waive any right to arbitrate any claim on a class, collective or representative basis, unless such class, collective or representative claims cannot be waived under applicable law. All claims must be brought in the name of an individual person (your name) and must proceed on an individual basis.

   You also agree to let the entire dispute be handled by the American Arbitration Association. We agree to pay for any administrative or hearing fees, with the exception of the first $250.00 of your filing fees if you decide to initiate the arbitration.

   By choosing arbitration, both of us agree that arbitration will be the sole remedy for any disputes between us (with the exception of claims before administrative bodies), and neither of us will pursue any action in court, except that either of us may file an application for injunctive relief (or other provisional remedy) where a temporary order from a court may be necessary to preserve the status quo or protect the interests in dispute.

9) Take time to read what you're signing. If you have any questions or concerns about this Agreement, we'll be happy to talk with you. Also, we encourage you to to talk to a lawyer or anyone else you trust before signing this Agreement.

**I have read this Agreement (and the attachment) and understand and agree to its terms.**

Jessica Combs
_____
Printed Name

*Jessica Combs* (DocuSigned by: 1AB39ACF4A53442...)    _____    Date: May 6, 2017 _____
Employee's Signature

Netflix, Inc., by:

*[signature: AWright]*

Allison Wright
VP, Talent & HR

100 Winchester Circle, Los Gatos CA 95032    Phone 408.540.3700    www.netflix.com

**Exhibit A**

**WRITTEN NOTIFICATION TO EMPLOYEE**

In accordance with California Labor Code Section 2870, you are hereby notified that the Agreement Regarding Your Netflix Employment does not require you to `assign to Netflix any invention for which no equipment, supplies, facility, or trade secret information of Netflix was used, *and* that was developed entirely on your own time, *and* that does not relate to the business of Netflix or to Netflix's actual or demonstrably anticipated research or development, or does not result from any work performed by you for Netflix.

The text of California Labor Code Section 2870 is set forth below.

**"CALIFORNIA LABOR CODE §2870**
**INVENTION ON OWN TIME – EXEMPTION FROM AGREEMENT.**

(a)　Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

　　(1)　Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or

　　(2)　Result from any work performed by the employee for the employer.

(b)　To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable."