Ashley Farrell Pickett (SBN 271825)
ashley.farrellpickett@gtlaw.com
Bryan W. Patton (SBN 294910)
bryan.patton@gtlaw.com
Jonathan A. Schaub (SBN 298892)
jonathan.schaub@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.:   310-586-7700
Fax:   310-586-7800

Attorneys for Defendant Netflix, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA COMBS, an Individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NETFLIX, INC., a Delaware Corporation Registered with the California Secretary of State, and DOES 1-20, Inclusive,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-09037-MRA-MAA<br><br>Assigned to the Hon. Mónica Ramírez Almadani<br><br>**DECLARATION OF BRYAN W. PATTON IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:   January 6, 2025<br>Time:   1:30 p.m.<br>Courtroom:   10B<br><br>Action Removed:   October 21, 2024 |

I, Bryan W. Patton, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am a shareholder with the law firm of Greenberg Traurig, LLP, attorneys of record for Defendant Netflix, Inc. ("Defendant") in the above-entitled action (the "Action"). The following facts are within my personal knowledge, except as to those matters stated on information and belief, which matters I believe to be true. If called upon as a witness, I could and would competently testify to the truth of the matters asserted in this declaration, which I submit in support of Defendant's Motion to Compel Arbitration.

2. I am informed and believe, based on correspondence I have seen, that in January 2023, in response to a request from Plaintiff Jessica Combs' ("Plaintiff") counsel, Defendant provided Plaintiff a copy of Plaintiff's employment records, including the agreement she signed on May 6, 2017, entitled "**AGREEMENT REGARDING YOUR NETFLIX EMPLOYMENT (Including Mutual Agreement to Arbitrate)**" (the "Agreement").

3. I am further informed and believe that one year later, in January 2024, Plaintiff's counsel stated to Defendant that he planned to pursue Plaintiff's claims in court without any basis to challenge the Agreement. In response, Defendant reiterated that any claims must be brought in arbitration pursuant to the Agreement, though Plaintiff failed to identify any basis on which to challenge the enforceability of the Agreement.

4. I am further informed and believe that on February 1, 2024, Defendant again followed up and explained the applicability of the Agreement and that any action by Plaintiff needed to be filed in arbitration. Plaintiff had no response.

5. On October 17, 2024, I emailed Plaintiff's counsel Michael Clark to request that the parties meet and confer regarding Plaintiff's pleadings.

6. On October 21, 2024, because Plaintiff's counsel was unable to telephonically meet and confer, I provided a detailed written account of Defendant's Motion to Compel Arbitration and Motion to Dismiss the Complaint with controlling authorities requiring Plaintiff to submit her claims to arbitration. A true and correct copy of this correspondence

1

is attached hereto as **Exhibit 1**. Plaintiff never responded to these authorities.

7. On October 30, 2024, I engaged in a telephonic meet and confer with Plaintiff's counsel, during which I raised all of Defendant's arguments in support of its Motion to Compel Arbitration. Counsel conceded that Plaintiff did not have any challenges to the validity or enforceability of the Agreement. Counsel also stated that the Agreement was "pretty good." The only challenge counsel asserted was the inclusion of sexual harassment claims. After I explained that any such sexual harassment claims predated the enactment of any legislation that could preclude arbitration, Plaintiff had no response. Counsel represented that he would discuss the possibility of stipulation to arbitration with his client.

8. On November 5, 2024, I emailed Plaintiff's counsel to follow up regarding a potential stipulation to submit Plaintiff's claims to arbitration. On November 6, 2024, Plaintiff's counsel responded that his client was not willing to stipulate to arbitration but provided no basis for that position.

9. To date, Plaintiff has not offered any basis for filing this action in court rather than arbitration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 8th day of November, 2024, at Los Angeles, California.

                     */s/ Bryan W. Patton*
                         Bryan W. Patton

# EXHIBIT 1

| | |
|---|---|
| **From:** | Patton, Bryan W. (Shld-LA-Labor-EmpLaw) |
| **To:** | nereyda.dominguez; michael@bclclaw.org |
| **Cc:** | Farrell Pickett, Ashley (Shld-LA-Labor-EmpLaw); Schaub, Jonathan A. (Assoc-LA-Labor-EmpLaw) |
| **Subject:** | RE: Jessica Combs v. Netflix - Meet and Confer on Motion to Compel Arbitration and Motion to Dismiss/Strike the Complaint |
| **Date:** | Monday, October 21, 2024 1:46:22 PM |
| **Attachments:** | image002.png<br>image001.png |
| **Importance:** | High |

Hi Michael and Nedy,

I just tried you by phone as we had not yet heard back on your availability to meet and confer on our contemplated motions.  As you have likely seen, this action has now been removed to federal court in the Central District of California. Per Fed. R. Civ. P. 81(c), our responsive pleading is due 7 days from now.  Additionally, Central District of California Rule 7-3 requires the parties to meet and confer 7 days prior to filing any motion.  As such, today is the deadline to meet and confer on the motion in this timeframe.  We know that we previously agreed to extend our responsive pleading deadline in state court and are happy to do so here as well to give the parties some additional time to further meet and confer.  While we want to go ahead and meet and confer on the motions via this email, we would propose **an extension on our responsive pleading deadline until November 8, 2024** in order to give the parties some additional time to talk through these issues further.  Please let us know if you are amenable to that extension.  We also remain available for a further meet and confer discussion today at your convenience.

**Contemplated Motion to Compel Arbitration**

1. There is a valid and enforceable Mutual Agreement to Arbitrate all claims in this action.
    1. Claimant signed a valid and enforceable arbitration agreement at the outset of her employment with Netflix (a copy of which Plaintiff submitted as Exhibit 2 to her Complaint) which states: "both you and Netflix agree to arbitrate under California law . . . any claim for breach of this Agreement and all employment relates disputes, including claims under state or federal law."  [Agreement, ¶ 8.]
    2. Each of Plaintiff's claims in this action fall within the purview of the arbitration clause because they stem directly from her employment with Netflix and brought against Netflix.
    3. The Agreement also contains an express delegation of all issues of enforceability and validity to an arbitrator. [*Id.*]
    4. The Agreement fully complies with California law and should be enforced by the Court. Any challenges that Plaintiff has regarding the validity or enforceability of the Agreement are for an arbitrator to decide in line with the parties' delegation.
2. Bottom line, the parties signed an agreement, a facial review of that agreement demonstrates that Plaintiff's claims fall within its purview, and given the existence of a valid delegation clause in the Agreement, a court's analysis should end there and all claims should be compelled to arbitration and the action dismissed. [Complaint, Ex. 2]; *see also Aanderud v. Superior Court*, 13 Cal. App. 5th 880, 890 (2017); *Malone v. Superior Court*, 226 Cal. App. 4th 1551, 1559 (2014).
3. If, for whatever reason, the court entertains any challenge Plaintiff may assert to the

Agreement, any such challenges would fail.
1. The EFAA does not apply to Plaintiff's claims as that statute was enacted effective March 3, 2022, and is expressly <u>not</u> retroactive; Plaintiff's claims each accrued, at latest, at the time of her termination on December 1, 2021. *See, e.g.*, *Arouh v. GAN Limited*, No. 8:23-cv-02001-FWS, 2024 WL 3469032, at *6 (C.D. Cal. March 22, 2024) ("Because Plaintiff's claims accrued before March 3, 2022, the EFAA does not apply to his claims."). Moreover, as more fully detailed below in connection with the Motion to Dismiss, Plaintiff's sexual harassment claim is time-barred by the applicable three-year statute of limitations, and, for that and other reasons, Plaintiff fails to assert a plausible sexual harassment dispute. *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023) (EFAA only applies to sexual harassment claim that is "capable of surviving dismissal at the threshold of a litigation[.]")
2. No finding of procedural unconscionability will follow simply because there is mandatory arbitration provision in the employment context.  A showing of additional procedural prejudice is necessary.  *Armendariz v. Found. Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 115 (2000). Here, none is present as the Agreement is clear on its face, uses bold type to alert the reader that it is an arbitration agreement, and advises the reader to take time in review—suggesting review by independent counsel of their choosing.  There is no procedural unconscionability.
3. Moreover, there is no substantive unconscionability.  The Agreement incorporates the AAA Rules and (i) requires that any dispute be heard by a neutral arbitrator, (ii) contains no limitations on discovery, (iii) contains no limitations on available remedies, (iv) requires a written arbitration award, and (v) provides that Plaintiff need not pay any costs that are unique to arbitration.  [Agreement, ¶ 8.]  The terms are fair and reasonable. *See Armendariz*, 24 Cal. 4th at 102, abrogated in part by *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011).

**Contemplated Motion to Dismiss / Strike pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)**

1. Initially, we want to be clear that the contemplation of, or the filing of, a motion to dismiss should not be misconstrued as contrary in any way to our position that each claim in this case must be compelled to arbitration.  As you know, a motion to compel arbitration does not act as a responsive pleading in federal court.  As noted above, our responsive pleading deadline under the FRCP is October 28, 2024.  As such, and due to an inability to adjudicate Defendant's motion to compel arbitration prior to October 28, 2024, Defendant would be filing a motion to dismiss solely to protect its rights should the Court decline to enforce the arbitration provision.

<u>Plaintiff's sexual harassment-related claims are all time-barred.</u>
2. Plaintiff's sexual harassment claim, and each of her other claims relying thereon, are barred by the applicable three-year statute of limitations.
    1. "The statute of limitations of a FEHA harassment claim is three years." *McCabe v. Canon Solutions Am., Inc.*, No. 8:23-CV-01710-DOC-MARx, 2023 WL 7201396, at *2 (C.D. Cal. Oct. 31, 2023) (citing Cal. Gov. Code § 12960(e). Plaintiff alleges she submitted an administrative complaint to the DFEH on August 3, 2023.  [Complaint, ¶ 6.]

2. Plaintiff alleges she experienced two instances of purported sexual harassment, in September 2018 and October 2018, nearly five years before she allegedly submitted her DFEH complaint.
3. Plaintiff's claim for sexual harassment, and her derivative claims for failure to prevent harassment, harassment in violation of the California Constitution, negligence, and hostile work environment, are therefore untimely and barred.

<u>Plaintiff fails to state any claim upon which relief can be granted.</u>

3. Plaintiff does not state a claim for sexual harassment under FEHA.
    1. Initially, Plaintiff fails to allege facts to support employer liability. Plaintiff fails to identify either of her purported harassers, much less their affiliation with Defendant or roles there. The claim therefore fails as a matter of law as against Defendant, and should be dismissed.
    2. Plaintiff also fails to allege sufficiently severe or pervasive conduct. Plaintiff vaguely alleges two purported incidents of harassment – one in which a "colleague" described Plaintiff as "beautiful" during a team building exercise, and the other involving a male "making sexual advances" while Plaintiff was getting coffee in a common area. [Complaint, ¶¶ 15, 27-30.]
4. Plaintiff does not state a claim for sex/gender discrimination under FEHA.
    1. Initially, Plaintiff does not assert any allegations that she was treated differently because of her sex/gender. Plaintiff alleges that she was terminated in December 2021, after she failed to comply with Defendant's policy regarding vaccination. This is not sex/gender discrimination. Plaintiff does not allege that she (or other females) were treated less favorably than male employees. For this reason, the claim fails as a matter of law and should be dismissed with prejudice.
    2. In addition, Plaintiff fails to factually allege that she was performing her job duties satisfactorily at the time of any adverse employment action. Plaintiff alleges she was terminated for failing to comply with Defendant's policy regarding vaccination. A plaintiff who violates company policy has not demonstrated satisfactory performance. *Diaz v. Eagle Produce Lt. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008).
    3. Plaintiff also fails to plead that similarly situated employees were treated differently, or any causal connection between her sex/gender and termination.
    4. To the extent Plaintiff intended to assert a disparate impact claim, rather than disparate treatment, such a claim would also fail. Plaintiff fails to identify any "specific employment practices" she is challenging, and offers no statistical evidence that any such practice caused adverse employment action based on sex/gender. *Beale v. GTE California*, 999 F. Supp. 1312, 1323 (C.D. Cal. 1996), *aff'd*, 141 F.3d 1173 (9th Cir. 1998).

5. Plaintiff does not state a claim for retaliation under FEHA or Labor Code section 1102.5.
    1. Initially, Plaintiff fails to allege that he engaged in a protected activity. Plaintiff does not allege any factual details regarding any purported "report," or the details of any purported incident, and therefore fails to establish she engaged in any protected activity.
    2. Second, Plaintiff fails to plead any causal connection between her (unstated) protected activity and any adverse employment action. Notably, Plaintiff's allegations of purported sexual harassment were several years prior to her termination, thus there is

no temporal connection.  This too is fatal to these claims.
6. Plaintiff does not state a claim for a failure to prevent harassment under FEHA.
    1. Plaintiff's failure to prevent claim under FEHA fails for the same reasons the underlying harassment claim fails as discussed above.  "There is no FEHA claim for failure to prevent [harassment] if no [harassment] occurred." *Keshe v. CVS Pharmacy*, 711 F. App'x 396, 397 (9th Cir. 2017).
7. Plaintiff does not state a claim for harassment in violation of the California Constitution.
    1. Plaintiff fails to establish any actionable harassment as discussed above.  Accordingly, this claim fails as well.
    2. Further, there is no direct claim for harassment in violation of the California Constitution.  *Himaka v. Buddhist Churches of America*, 919 F. Supp. 332, 335 (N.D. Cal. 1995).  The claim accordingly fails.
8. Plaintiff does not state a claim for negligence.
    1. Plaintiff fails to allege facts in her Complaint that would establish Defendant's liability for any harassment. "If an employee's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior."  *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1005 (1995) (employer is not liable where "employee is not acting within the scope of employment").
9. Plaintiff does not state a claim for wrongful termination.
    1. This claim rises and falls with the FEHA claims that Plaintiff asserts support it.  As such, it fails for the reasons those claims fail as articulated above.
10. Plaintiff does not state a claim for hostile work environment.
    1. This claim is entirely derivative of Plaintiff's foregoing sexual harassment claim and theories and fails for the reasons it fails. *See, e.g.*, *Bongiovanni v. State Farm Mut. Auto. Ins. Co.*, No. CV-20-9197-MWF (MAAx), 2020 U.S. Dist. LEXIS 246370, at *7-8 (C.D. Cal. Nov. 16, 2020).
11. Plaintiff does not state a claim for breach of the implied covenant of good faith and fair dealing.
    1. "The 'implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract . . . ." *Nott v. IBM Corp.*, No. CV1007450MMMSHX, 2011 WL 13217659, at *7 (C.D. Cal. Apr. 11, 2011).  Plaintiff fails to allege any facts to support any breach of the implied covenant.
12. Plaintiff fails to sufficiently allege facts to support recovery of punitive damages.
    1. Plaintiff fails to allege facts sufficient to support a claim for punitive damages.  To support punitive damages, the complaint . . . must allege ultimate facts of the defendant's oppression, fraud, or malice." *Carr v. Home Depot U.S.A., Inc.*, No. 17-cv-1377-JM(JLB), 2018 WL 2329673, at *8 (S.D. Cal. May 22, 2018).
    2. Plaintiff also fails to meet the requirements to allege punitive damages against a corporate employer, such as Defendant.  "With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Cable v. Starbucks Corp.*, 664 F. Supp. 3d 1014, 1029 (C.D.

Cal. 2023) (citing Cal. Civ. Code § 3294(b)).

Thank you,

**Bryan W. Patton**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East
Suite 1900 | Los Angeles, CA 90067-2121
T +1 310 586 7808   | F +1 310 586 7800
pattonbw@gtlaw.com  |  www.gtlaw.com

**GT GreenbergTraurig**

---

**From:** Patton, Bryan W. (Shld-LA-Labor-EmpLaw)
**Sent:** Thursday, October 17, 2024 10:45 AM
**To:** 'nereyda.dominguez' <nedy@bclclaw.org>; michael@bclclaw.org
**Cc:** Farrell Pickett, Ashley (Shld-LA-Labor-EmpLaw) <Ashley.FarrellPickett@gtlaw.com>; Schaub, Jonathan A. (Assoc-LA-Labor-EmpLaw) <Jonathan.Schaub@gtlaw.com>
**Subject:** RE: Jessica Combs v. Netflix - Service

Hi Michael and Nedy,

We wanted to set up a time to meet and confer on the pleadings and a few other issues. We have pretty broad availability on Monday (10/21).  Is there a time that would work for your office?

**Bryan W. Patton**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East
Suite 1900 | Los Angeles, CA 90067-2121
T +1 310 586 7808   | F +1 310 586 7800
pattonbw@gtlaw.com  |  www.gtlaw.com

**GT GreenbergTraurig**

---

**From:** nereyda.dominguez <nedy@bclclaw.org>
**Sent:** Tuesday, October 15, 2024 6:12 PM
**To:** Patton, Bryan W. (Shld-LA-Labor-EmpLaw) <pattonbw@gtlaw.com>; michael@bclclaw.org; nereyda.dominguez@bclclaw.org
**Cc:** Farrell Pickett, Ashley (Shld-LA-Labor-EmpLaw) <Ashley.FarrellPickett@gtlaw.com>; Schaub, Jonathan A. (Assoc-LA-Labor-EmpLaw) <Jonathan.Schaub@gtlaw.com>
**Subject:** RE: Jessica Combs v. Netflix - Service

**\*EXTERNAL TO GT\***

Mr. Patton:

    A 15 day extension is good with our office.  Should you require addition information, please not hesitate to contact me.

Thank you.

Nedy Dominguez
Parakegal

> On 10/15/2024 11:50 AM PDT pattonbw@gtlaw.com wrote:
>
> Hi Michael,
>
> I just left you a voicemail but wanted to follow up by email as well.  We were hoping that you could extend us the professional courtesy of a 15-day extension on our responsive pleading deadline in this case.  Please let us know if Plaintiff is amenable to that extension.  We look forward to working with you here.
>
> Thank you,
>
> **Bryan W. Patton**
> Shareholder
>
> Greenberg Traurig, LLP
> 1840 Century Park East
> Suite 1900 | Los Angeles, CA 90067-2121
> T +1 310 586 7808   |  F +1 310 586 7800
> pattonbw@gtlaw.com  |  www.gtlaw.com
>
> **GT GreenbergTraurig**
>
> ---
>
> **From:** Schaub, Jonathan A. (Assoc-LA-Labor-EmpLaw) <Jonathan.Schaub@gtlaw.com>
> **Sent:** Thursday, September 19, 2024 5:24 PM
> **To:** michael@bclclaw.org; nereyda.dominguez@bclclaw.org
> **Cc:** Farrell Pickett, Ashley (Shld-LA-Labor-EmpLaw) <Ashley.FarrellPickett@gtlaw.com>; Patton, Bryan W. (Shld-LA-Labor-EmpLaw) <pattonbw@gtlaw.com>
> **Subject:** Jessica Combs v. Netflix - Service
>
> Good evening, counsel,
>
> We received the message from your firm regarding service of the Summons and Complaint in this action.  We agree to accept service via Notice and Acknowledgement of Receipt.  Please send over the form at your earliest convenience.
>
> Thank you, and we look forwarding to working with you on this matter.
>
> **Jonathan A. Schaub**

Associate

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7725  |  F +1 310.586.7800
Jonathan.Schaub@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

Nedy Dominguez, Paralegal
BROWN CLARK LE & CEVALLOS, LLP
225 West Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-5937

This email communication may contain CONFIDENTIAL INFORMATION which also may be LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above.  If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited.  If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.