**MICHAEL C.P. CLARK - SBN: 222901**
**BROWN CLARK LE & CEVALLOS, LLP**
22342 Avenida Empresa, Suite 125
Rancho Santa Margarita, California 92688
Office: (949) 459-5900
Fax: (949) 713-7722
Email: michael@bclclaw.org

Attorneys for Plaintiff: JESSICA COMBS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA COMBS, an Individual,<br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., a Delaware Corporation Registered with the California Secretary of State, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-09037-MRA-MAA<br><br>Assigned to the Hon. Mónica Ramirez Almadani<br><br>**PLAINTIFF JESSICA COMBS' OPPOSITION TO DEFENDANT NETFLIX, INC'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      January 06, 2025<br>Time:      1:30 p.m.<br>Courtroom: 10B<br><br>Action Removed:  October 21, 2024 |

**TO THE DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2025, at 1:30 P.M, or as soon thereafter as the matter may be heard, in Courtroom 10B of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, Ca 90012, or as ordered by the Court, Plaintiff Jessica Combs, by and through her

1

attorneys of record, will move to Oppose Defendants Netflix Inc., Motion to Compel Arbitration.

Dated: December 16, 2024.

Respectfully Submitted,
BROWN CLARK LE & CEVALLOS, LLP

_____
Michael C.P. Clark
Attorney for Plaintiff

# TABLE OF CONTENTS

Page

I. KEY FACTS..................................................................................5

II. SUMMARY OF ARGUMENT……………….......………………...……... 6

    A. The EFAA is Applicable to Ms. Combs' Claims..............................................6
    B. Ms. Combs' Claims Accrued After the Enactment of the EFAA.................................7

III. CONCLUSION…………………………………...........………...8

TABLE OF AUTHORITIES

CASES                                                                                                                      PAGES

Jane Doe v. Second Street Corp. (2024) B330281 Ca. Ct. of App., 2nd Appellate District;......................................................................................................................6

Scoggins v. Menard, Inc. (S.D. Ohio, Aug. 19, 2024, No. 2:24-CV-00377) 2024.........6.

Papaconstantinou-Baur v. Jackson Hosp. & Clinic, Inc. (M.D. Ala., Mar. 18, 2024, No.2:22cv178-MHT) 2024 WL 1158362, p.5)……………………………………………7

Kader v. Southern California Medical Center, Inc. (2024) 99 Cal.App.5th 214..............7

Famuyide v. Chipotle Mexican Grill, Inc. (D.Minn., Aug. 31, 2023, No. CV 23-1127 (DWF/ECW))..................................................................................................................7

**STATUTES**

(EFAA; 9 U.S.C. §§ 401-402). 9 U.S.C. §402(a)..........................................................6

# MEMORANDUM OF POINT AND AUTHORITIES

## I. KEY FACTS

Plaintiff, Jessica Combs (hereinafter "COMBS" or "PLAINTIFF"), was employed by Defendant Netflix, Inc. (hereinafter "NETFLIX"), from on or about May 06, 2017, through December 01, 2021, when she was terminated for allegedly violating Netflix's "policy" that its employees be vaccinated for the COVID-19 virus. On August 03, 2023, Combs filed a complaint with the California Civil Rights Department. Her Right to Sue Letter was also obtained on August 03, 2023. Combs filed a Complaint for Damages in state court on July 29, 2024. In her Complaint, Combs alleged, among other things, sexual harassment, discrimination, retaliation and wrongful termination. Combs is seeking a jury trial.

Section 1281.2 of the California Code of Civil Procedure states, in pertinent part: "[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists…"

Netflix has moved for an order compelling Combs to arbitrate her claims against them. In support of this, Netflix has argued that Combs signed a pre-employment agreement in which she agreed to resolve any employment-related disputes with Netflix in arbitration (a "predispute arbitration agreement"). Netflix contends that the Arbitration Agreement (the Agreement) is valid, and that Combs should be compelled to pursue her claims against Netflix in arbitration. Netflix further argues that Combs' sexual harassment claims are barred by the statute of limitations. For the reasons stated herein, Combs' claims are neither subject to arbitration, nor barred by the statute of limitations. Netflix's Motion to Compel Arbitration should therefore be denied.

///

## II.    SUMMARY OF ARGUMENT

As discussed below, and the Court may note, the facts in the Kader case cited herein are strikingly similar to the facts now before this Court. In both this case and in Kader, a dispute arose via the plaintiffs filing of a complaint with the California State Civil Rights Division *after* the effective date of the EFAA.

### A. The EFAA is Applicable to Combs' Claims

In 2022, Congress passed the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA; 9 U.S.C. §§ 401-402). 9 U.S.C. §402(a) provides that "no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute."  The EFAA effectively "renders arbitration agreements unenforceable at the plaintiff's election in sexual assault and sexual harassment cases that arise or accrue on or after March 3, 2022…" Jane Doe v. Second Street Corp. (2024) B330281 Ca. Ct. of App., 2nd Appellate District; filed 09/30/24, page 2. Further, in a statutory note accompanying the EFAA, Congress has made clear its intent that the EFAA applies to "any dispute or claim that arises or accrues on or after the date of enactment of this Act." Second Street Corp., supra, at p.9 (citing Pub.L. 117-90, §3).

The EFAA is "triggered," depending on when the dispute *arose* between the parties, or when a plaintiff's claim *accrued*. Second street corp., *supra*, at p. 13 [quoting Scoggins v. Menard, Inc. (S.D. Ohio, Aug. 19, 2024, No. 2:24-CV-00377) 2024 WL 3860464, p.5]. Defendant argues that Combs should be forced into arbitration because her sexual harassment and assault claims, or at least the conduct described by her as harassing and assaultive, *arose* before the effective date of the EFAA. This, claims Netflix, clearly bars relief under EFAA. This argument is misplaced, however, due to the distinction between when a claim *arises* and when a claim *accrues*. "Courts interpreting

the [EFAA] 'have generally settled upon reading the statute's temporal requirement to say that 'disputes…arise and claims…accrue.'" Second street Corp. at p.13 (quoting Papaconstantinou-Baur v. Jackson Hosp. & Clinic, Inc. (M.D. Ala., Mar. 18, 2024, No.2:22cv178-MHT) 2024 WL 1158362, p.5). In this case, there is no doubt that the case arose at the time the complaint was made by Combs with the Division of Civil Rights, in identical fashion as the Plaintiff in the Kader case, as discussed herein.

### B. Combs' Claims Accrued After the Enactment of the EFAA

As indicated in her Complaint, Combs was fired by Netflix on December 01, 2021. Combs filed a complaint with the California Department of Civil Rights. To that end, Combs received a Right to Sue Letter on August 03, 2023, a full seventeen months *after* the enactment of the EFAA. "A dispute arises when one party asserts a right, claim, or demand, and the other side expresses disagreement or takes an adversarial posture." Kader v. Southern California Medical Center, Inc. (2024) 99 Cal.App.5th 214, [pp] B326830 Ca. Ct. of App., 2nd Appellate District; filed 01/29/24, page 10 (quoting Famuyide v. Chipotle Mexican Grill, Inc. (D.Minn., Aug. 31, 2023, No. CV 23-1127 (DWF/ECW)). Indeed, "[u]nlike a claim, however, a dispute does not arise simply because the plaintiff suffers an injury; it additionally requires a disagreement or controversy." Kader, supra, at p.11 (citations omitted).

The disagreement or controversy arose in the present case when Combs filed a complaint with the California Division of Civil Rights on August 03, 2023, in which she asserted the same claims made in her lawsuit and received a Right to Sue Letter dated that day. It cannot be argued, under the case law cited herein, that the controversy between Combs and Netflix regarding her complaint with the Civil Rights Division arose or accrued before March 03, 2022. Combs' right to file an action in court did not accrue until she received her Right to Sue Letter. Her letter was received, and she proceeded to file the instant action.

### III.     CONCLUSION

For purposes of a Motion to Compel Arbitration, the dispute here arose when Combs filed her discrimination and harassment complaint with the California Division of Civil Rights, a government agency, on August 03, 2023. Insofar as the EFAA went into effect on March 03, 2022, Combs' dispute with Netflix accrued *after* the effective date of the EFAA. Combs' claims of sexual assault, harassment, and discrimination fall squarely within the provisions of EFAA, and it unquestionably applies here. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Arbitration.

### Word Count Certification

The undersigned, counsel of record for Plaintiff Jessica Combs., certifies that this brief contains 1061 words, which complies with the word limit of L.R. 11-6.1 and Judge Almadani's listed Procedures.

Dated: December 16, 2024.

Respectfully Submitted,
BROWN CLARK LE & CEVALLOS, LLP

_____
Michael C.P. Clark
Attorney for Plaintiff

# PROOF OF SERVICE

## Jessica Combs vs. Netflix Inc.

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Bernardino, State of California. My business address is 225 West Hospitality Lane, Suite 314, San Bernardino, CA 92408-3246.

On December 16, 2024, I served true copies of the following document(s) described as

- **PLAINTIFF JESSICA COMBS' OPPOSITION TO DEFENDANT NETFLIX, INC'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address nedy@bclclaw,org to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 16, 2024, at San Bernardino, California.

*Nedy Dominguez*
Nedy Dominguez

## SERVICE LIST

**Ashley Farrell Pickett**
Greenberg Traurig LLP
1840 Century Park East Park East Suite 1900
Los Angeles, CA 90067-2121
310-586-7700
Fax: 310-586-7800
Email: ashley.farrellpickett@gtlaw.com

**Bryan Wesley Patton**
Greenberg Traurig LLP
1840 Century Park East Suite 1900
Los Angeles, CA 90067-2121
310-586-7700
Fax: 310-586-7800
Email: bryan.patton@gtlaw.com

**Jonathan A. Schaub**
Greenberg Traurig LLP
1840 Century Park East Suite 1900
Los Angeles, CA 90067-2121
310-586-7700
Fax: 310-586-7800
Email: jonathan.schaub@gtlaw.com