BROWN CLARK LE & CEVALLOS, LLP
Michael C.P. Clark (SBN 222901)
Edwin B. Brown (SBN 89447)
22342 Avenida Empresa, Suite 125
Rancho Santa Margarita, CA 92688
Phone: (949) 459-5900
Email: michael@bclclaw.com
       edbrownlaw@gmail.com

Attorneys for Plaintiff Jessica Combs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| JESSICA COMBS, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., a Delaware Corporation Registered with the California Secretary of State, and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: . 2:24-cv-09037-MRA-MAA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Jessica Combs ("Plaintiff" or "Combs") hereby presents the instant opposition to Defendant Netflix, Inc. ("Netflix" of "Defendant")'s motion to dismiss the complaint.

//

# TABLE OF CONTENTS

Memorandum of Points and Authorities ................................................................. 5

Legal Standard......................................................................................................... 5

Argument ................................................................................................................. 5

    I. None of Plaintiff's Causes of Action Are Time-Barred ..................... 5

    II. The Complaint Sufficiently Pleads Negligence and Harassment
        in Counts 3, 4, 5, 7, and 9 ................................................................. 6

    III. The Complaint Properly Pleads Discrimination ............................... 7

    IV. The Pleading Sufficiently Pleads a Hostile Work Environment .......... 7

    V. The Complaint Properly Pleads Failure to Prevent Harassment ........... 8

    VI. The Pleading Alleges Sufficient Facts to Pray for Punitive Damages.... 8

    VII. The Complaint Sufficiently Pleads Retaliation ............................. 9

    VIII. The Court Should, if Needed, Grant Leave to Amend ...................... 9

# TABLE OF AUTHORITIES

**STATUTES**

Government Code §12900 et. seq. ...... 6

Government Code §12940 ...... 6, 7

Government Code §12960 ...... 6

**CASE AUTHORITY**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ...... 5

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010) ...... 5

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir.1987) ...... 9

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 ...... 9

*Foman v. Davis*, 371 U.S. 178, S.Ct. 227 (1962) ...... 10

*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913 ...... 6

*Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997) ...... 10

*M.F. v. Pacific Pearl Hotel Management LLC* (2017) 16 Cal.App.5th 693, 701 ...... 8

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir.1990) ...... 9

*Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* ...... 8

*Ortiz v. Dameron Hospital Assn.* (2019) 37 Cal.App.5th 568 ...... 8

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ...... 9

*Paulsen v. CNF, Inc.*, 559 F.3d 1061 (9th Cir. 2009) ...... 5

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ...... 5

*U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ...... 9

*United States v. Webb*, 655 F.2d 977 (9th Cir.1981) ...... 9

1  *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104 (E.D. Cal. 2009) ...... 5

2  *Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913 (9th Cir. 2004)
3  (2002) 103 Cal.App.4th 1021 .................................................................... 5

4  *Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128 .............................. 9

**MISC. AUTHORITY**

Fed. Rule Civ. P. 8(a)(2) ............................................................................. 5

Fed. Rule Civ. Proc. 12(b) .......................................................................... 5

Fed Rule Civ. Proc. 15(a)(2) ....................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint (*Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief (Fed. R. Civ. P. 8(a)(2); see also *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face'" (*Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

On motions to dismiss under Federal Rule of Civil Procedure 12(b), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party" (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). An "allegation is sufficient to confer jurisdiction" (*Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 921 (9th Cir. 2004) (finding ongoing violation claims alleged in good faith are sufficient to confer jurisdiction).

Here, Plaintiff's complaint alleges sufficient facts to support each cause of action raised in the pleading. The Court should deny Defendant's motion in its entirety.

## ARGUMENT

### I. NONE OF PLAINTIFF'S CAUSES OF ACTION ARE TIME-BARRED

Defendant Netflix argues that Plaintiff's causes of action for sexual harassment and negligence are barred by the applicable statutes of limitations. They are not.

The Motion correctly cites the statutes of limitation for negligence as two years and sexual harassment three years. However, these statutes of limitation are modified, actually lengthened, by the California Government Code, as follows.

The California Fair Employment and Housing Act, Government Code §12900 et. seq. ("FEHA") allows individuals up to three years from an alleged violation to file their discrimination, retaliation, or harassment claims. Plaintiff alleges that she was terminated on December 1, 2021, in retaliation for her complaints about discrimination and harassment [Compl. ¶ 51]. Plaintiff filed her complaint on July 29, 2024, within three years of her termination.

In accordance with FEHA, Plaintiff also timely filed a complaint of employment discrimination with the Department of Fair Employment and Housing ("DFEH") [Compl., ¶ 6). On August 3, 2023, at the conclusion of DFEH's investigation process, the agency issued Plaintiff a "right to sue" letter.

FEHA (Govt. Code §§12900, 12960) provides an employee a one-year statute of limitations to sue the employer for discrimination from the date of the right to sue letter. Here, that letter is dated August 3, 2023. Plaintiff filed her complaint on July 29, 2024, within one year of the date of the three years of her termination. The pleading is therefore not time barred.

II.   **THE COMPLAINT SUFFICIENTLY PLEADS NEGLIGENCE AND HARASSMENT IN COUNTS 3, 4, 5, 7, and 9**

"The elements of a cause of action for **negligence** are well established. They are '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury'" (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917, emphasis added).

Section 12940 of FEHA makes it unlawful for an employer to **discriminate** against any person in terms of employment or compensation based on various factors, including sex, gender, gender identity, and gender expression. This includes discriminating against a person in compensation or in terms, conditions, or privileges of employment.

Under Subsection 12940(j), it is unlawful for an employer or any individual to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract because of sex, gender, gender identity, gender expression,

6

among other factors. This includes sexual harassment, gender harassment, and harassment based on pregnancy, childbirth, or related medical conditions.

Plaintiff's complaint, in paragraphs 8-9; 11-12; 17; 19-23; 27; and 37-39, describes in particularity Netflix's breach of its duty to use due care to avoid harassing and harming its employees. These paragraphs detail Netflix's requirement that Plaintiff and other women participate in firm activities that were sexually charged and which predictably led to harassment of the Plaintiff and other women at Netflix.

The culture was designed to allow sexually interested colleagues to thrive, flirt, project on others, and is considered "normal" at Netflix. The conduct was severe and pervasive. It lasted for years (see Compl., ¶13). And because the conduct was performed by management, the conduct was both directed by and ratified by management.

This culture fostered unwanted sexually-charged comments, usually made by male employees to female employees with suggestive looks. Plaintiff and other female Netflix employees felt uncomfortable, threatened, vulnerable, and sexually objectified.

### III. THE COMPLAINT PROPERLY PLEADS DISCRIMINATION

As briefed above, Cal. Govt. Code Section 12940 states that "It is an unlawful employment practice … for an employer, because of the … sex, gender of any person, to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

Paragraphs 8-9; 11-12; 17; 19-23; 27; and 37-39 of Plaintiff's complaint describe in particularity Netflix's discrimination of the Plaintiff based on her gender. Plaintiff also alleged that she was performing her job exceptionally well when she was discriminated against, as reflected in Plaintiff's outstanding performance review (Compl., ¶ 41).

### IV. THE PLEADING SUFFICIENTLY PLEADS A HOSTILE WORK ENVIRONMENT

Defendant asked the Court to dismiss Plaintiff's cause of action for hostile work environment as duplicative of her harassment cause of action. The Court should not dismiss this cause of action.

"To establish a prima facie case of a hostile work environment caused by harassment, the plaintiff must show that (1) [plaintiff] is a member of a protected class; (2) [plaintiff] was subjected to unwelcome harassment; (3) the harassment was based on [plaintiff's] protected status; (4) the harassment unreasonably interfered with [plaintiff's] work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment" (*Ortiz v. Dameron Hospital Assn.* (2019) 37 Cal.App.5th 568, 581).

Plaintiff's complaint, in paragraphs 8-9; 11-12; 17; 19-23; 27; and 37-39, describes in particularity Netflix's actions that amounted to harassment and a hostile work environment.

## V. THE COMPLAINT PROPERLY PLEADS FAILURE TO PREVENT HARASSMENT

The employer's duty to prevent harassment and discrimination is affirmative and mandatory" (*Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* (2002) 103 Cal.App.4th 1021, 1035). "Once an employer is informed of the sexual harassment, the employer must take adequate remedial measures. The measures need to include immediate corrective action that is reasonably calculated to (1) end the current harassment and (2) to deter future harassment [Citation]. The employer's obligation to take prompt corrective action requires (1) that temporary steps be taken to deal with the the situation while the employer determines whether the complaint is justified and (2) that permanent remedial steps be implemented by the employer to prevent future harassment . . . ." (*M.F. v. Pacific Pearl Hotel Management LLC* (2017) 16 Cal.App.5th 693, 701).

Here, the Complaint describes how Netflix management itself promoted the sexual games played at Netflix. Therefore, the pleading sufficiently alleges Netflix's failure to prevent sexual harassment.

## VI. THE PLEADING ALLEGES SUFFICIENT FACTS TO PRAY FOR PUNITIVE DAMAGES

"The FEHA does not itself authorize punitive damages. It is, however, settled

that California's punitive damages statute, Civil Code section 3294, applies to actions brought under the FEHA . . . " (*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1147-1148).

Here, the Complaint alleges that Netflix's harassment, and creation of a hostile work environment occurred from 2017 through and including the date of Plaintiff's termination on or about December 1, 2021. Netflix violated Plaintiffs rights under Government Code Section 12940(j) by terminating her in retaliation for making complaints about sexual harassment, harassment, and creating a hostile work environment.

Netflix's conduct was malicious and, therefore, Plaintiff is entitled to pray for punitive damages.

## VII. THE COMPLAINT SUFFICIENTLY PLEADS RETALIATION

Plaintiff alleges that **after** she complained to Netflix management of Netflix's discrimination, harassment, and oppressive Covid vaccine policy, Netflix fired her (Compl., ¶¶ 47 – 40). The Complaint also alleges that Plaintiff was fired for complaining about the sexually-charged work culture that Netflix promoted. Plaintiff has therefore adequately pled retaliation.

## VIII. THE COURT SHOULD, IF NEEDED, GRANT LEAVE TO AMEND

Fed Rule Civ. Proc. 15(a)(2) provides that a court should freely grant leave to amend a pleading where justice requires it. The Ninth Circuit has repeatedly stressed that the standard for granting leave to amend is generous (*U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

"In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities'" (*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

Five factors must be considered when assessing the propriety of leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether prior amendment has occurred (*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend" (*Id.*, citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

Should the Court agree with Defendant that the Complaint must plead more facts, Plaintiff prays for leave to amend the Complaint to add additional facts to support her causes of action.

Dated: January 30, 2025.                    BROWN CLARK LE & CEVALLOS, LLP


By: ___/S/ Edwin B. Brown___
     Edwin B. Brown
     Attorneys for Plaintiff Jessica Combs