UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09037-MRA-MAA | Date | April 16, 2025 |
|---|---|---|---|
| Title | Jessica Combs v. Netflix, Inc. et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [12]**

Before the Court is Defendant's Motion to Compel Arbitration.  ECF 12.  The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons stated herein, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

On July 29, 2024, Plaintiff Jessica Combs ("Plaintiff") filed this case against her former employer Netflix, Inc. ("Defendant" or "Netflix") and Does 1 through 20 in Los Angeles County Superior Court.  ECF 1-1.  Plaintiff alleges the following claims: (1) discrimination (Cal. Gov. Code § 12940(a) and § 12900, *et seq.*); (2) retaliatory termination (Cal. Gov. Code § 12940(h) and § 12900, *et seq.*); (3) sexual harassment (Cal. Gov. Code § 12940(k) and §12900, *et seq.*); (4) failure to prevent harassment (Cal. Gov. Code § 12940(k) and § 12900, *et seq.*); (5) harassment (Cal. Const. Art. 1, § 8); (6) violation of California Labor Code Section 1102.5 (whistleblower statute); (7) negligence (Cal. Civ. Code §§ 43, 1708); (8) wrongful termination; (9) hostile work environment; and (10) breach of covenant of good faith and fair dealing.  *Id.* ¶¶ 56-155.

The Complaint alleges, in relevant part, that, on or about June 2017, after Plaintiff started working at Netflix, she learned that Netflix promoted a "flirtatious office environment that was very sexual in nature."  *Id.* ¶ 9.  Netflix encouraged one-on-one meetings for employees to get to know each other and created a culture that fostered sexually charged comments.  *Id.* ¶¶ 10-11.  During a work trip to Singapore in October 2018, a male colleague aggressively approached Plaintiff and made sexual advances.  *Id.* ¶ 15.  On or about September 2018, Plaintiff attended an off-site meeting that felt like forced speed dating, leaving Plaintiff feeling uncomfortable and intimidated.  *Id.* ¶¶ 26-27.  While still employed with Netflix, Plaintiff complained to Defendant "regarding the uncomfortable nature of the sexually charged atmosphere she and other female

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-09037-MRA-MAA | Date | April 16, 2025 |
|---|---|---|---|
| Title | Jessica Combs v. Netflix, Inc. et al. | | |

employees were subjected to." *Id.* ¶ 69. However, when no action was taken to remedy the situation, and fearing that continued complaints would lead to retaliatory harassment, Plaintiff ceased her complaints and continued to perform her job duties. *Id.* In November 2021, prior to her termination, Plaintiff again raised concerns about harassment and, once again, no corrective action was offered or taken. *Id.*

The Complaint alleges that Plaintiff was wrongfully terminated from her position with Netflix in December 2021. ECF 1-1 at ¶ 58. Plaintiff timely filed a complaint against Netflix with the California Department of Fair Employment and Housing ("DFEH"), Civil Rights Department, and received a right-to-sue letter on August 3, 2023. *Id.* ¶ 57.

After Plaintiff filed the instant case in state court, Defendant removed the case to federal court and subsequently moved to compel arbitration and dismiss the case on the grounds that Plaintiff had agreed to arbitrate her claims pursuant to a written arbitration agreement. ECF 12. In support of its Motion, Defendant provided a copy of an agreement between Plaintiff and Defendant signed on May 6, 2017, entitled "AGREEMENT REGARDING YOUR NETFLIX EMPLOYMENT (Including Mutual Agreement to Arbitrate")" (the "Agreement"). ECF 12-1 at 7. The Agreement states in relevant part the following:

> Let's not fight in court. Even in the best of relationships, disputes can arise. Rather than fighting it out in court, both you and Netflix agree to arbitrate under California law (including California's arbitration rules) any claim for breach of this Agreement and all employment related disputes, including claims under state or federal law. You further agree to waive any right to arbitrate any claim on a class, collective or representative basis, unless such class, collective or representative claims cannot be waived under applicable law. All claims must be brought in the name of an individual person [] and must proceed on an individual basis.
>
> You also agree to let the entire dispute be handled by the American Arbitration Association. We agree to pay for any administrative or hearing fees, with the exception of the first $250.00 of your filing fees if you decide to initiate the arbitration.
>
> By choosing arbitration, both of us agree that arbitration will be the sole remedy for any disputes between us (with the exception of claims before administrative bodies), and neither of us will pursue any action in court, except that either of us may file an application for injunctive relief (or other provisional remedy) where a temporary order from a court may be necessary to preserve the status quo or protect the interests in dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09037-MRA-MAA | Date | April 16, 2025 |
|---|---|---|---|
| Title | Jessica Combs v. Netflix, Inc. et al. | | |

ECF 12-1 at 8 ¶ 8. In her Opposition, Plaintiff does not dispute that she entered into this agreement with Netflix but argues that federal law precludes arbitration in her case given her claims of sexual harassment. ECF 15. Defendant replied. ECF 16.

## II.   LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). "Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)); *see also Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) ("A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue.") (quoting *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)).

Even when there is a valid agreement that covers the dispute at issue, arbitration is precluded if the dispute involves sexual harassment or sexual assault under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"). Enacted on March 3, 2022, the EFAA amends the FAA by providing that:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). The EFAA expressly applies "to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022); *see, e.g., Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 550 (S.D.N.Y. 2023); *Newcombe-Dierl v. Amgen*, No. 22 Civ. 2155 (DMG), 2022 WL 3012211, at *5 (C.D. Cal. May 26, 2022).

Courts, rather than arbitrators, decide if the EFAA applies "irrespective of whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09037-MRA-MAA | Date | April 16, 2025 |
|---|---|---|---|
| Title | Jessica Combs v. Netflix, Inc. et al. | | |

party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement, and irrespective of whether the agreement purports to delegate such determinations to an arbitrator." 9 U.S.C. § 402(b). Importantly, "[w]hen a plaintiff brings several claims, some of which are sexual harassment claims and some of which are not, the EFAA precludes arbitration as to *all* claims if the 'core' of the case alleges 'conduct constituting a sexual harassment dispute.'" *Arouh v. GAN Ltd.*, No. 8:23-CV-02001-FWS, 2024 WL 3469032, at *6 (C.D. Cal. Mar. 22, 2024) (quoting *Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917, 925 (N.D. Cal. 2023)).

## III.    DISCUSSION

Plaintiff does not dispute that she entered into a valid and enforceable arbitration agreement with Netflix concerning her employment, or that the arbitration agreement encompasses each of her claims. *See* ECF 15. She also does not argue that the arbitration provision is substantively or procedurally unconscionable. Plaintiff's exclusive argument is that the EFAA precludes mandatory arbitration because at least one of her claims is a sexual harassment claim. *Id.* at 6-7. Defendant argues that the EFAA cannot apply to Plaintiffs' claims, because they are premised on conduct that predates the EFAA's enactment. ECF 16. The Complaint alleges that Plaintiff suffered two instances of sexual harassment in 2018, and that she was terminated on December 1, 2021—prior to the EFAA's enactment (March 3, 2022). *Id.* at 13; ECF 1-1 ¶¶ 15, 26-27. Plaintiff does not dispute these facts but argues that the EFAA is "triggered" not by the date of the conduct on which her claims are based, but rather when the "dispute *arose* between the parties," which Plaintiff argues is August 3, 2023—the date on which Plaintiff filed her complaint with the DFEH. ECF 15 at 7 (citing *Kader v. S. Cal. Med. Ctr., Inc.*, 99 Cal.App.5th 214 (2024)).

By its terms, the EFAA applies "with respect to any dispute or claim that arises or accrues on or after" March 3, 2022. Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022). It is uncontroversial that a claim accrues "when the plaintiff has a complete and present cause of action." *Gabelli v. SEC*, 568 U.S. 442, 448-49 (2013). This means that a claim accrues when the plaintiff suffers an "adverse employment action" and is injured. *See, e.g., Newcombe-Dierl*, 2022 WL 3012211, at *5 (citing *Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) ("[A] plaintiff's claim accrues when the plaintiff learns of the 'actual injury,' i.e., an adverse employment action, and not when the plaintiff suspects a 'legal wrong,' i.e., that the employer acted with discriminatory intent.")). Termination of employment constitutes an adverse employment action. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 660 (2002). Here, Plaintiff's claims accrued no later than the date of her termination, which was December 1, 2021, prior to the EFAA's enactment date. *See, e.g.*, *Newcombe-Dierl*, 2022 WL 3012211, at *5 (Plaintiff's "claims accrued when the adverse employment action occurred and she was injured,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-09037-MRA-MAA | Date | April 16, 2025 |
|---|---|---|---|
| Title | Jessica Combs v. Netflix, Inc. et al. | | |

which was no later than . . . the date of her termination.").

While courts have consistently defined what it means for a claim to accrue, what it means for a "dispute" to "arise" under the EFAA is less clear. Some district courts have determined that for a dispute to arise, there must be more than just injury; a dispute arises "when a person 'asserts a right, claim, or demand and is met with disagreement on the other side.'" *Scoggins v. Menard, Inc.*, No. 2:24-CV-00377, 2024 WL 3860464, at *6 (S.D. Ohio Aug. 19, 2024) (quoting *Famuyide v. Chipotle Mexican Grill, Inc.*, No. 231127 (DWF/ECW), 2023 WL 5651915, at *3 (D. Minn. Aug. 31, 2023)); *see also Hodgin v. Intensive Care Consortium, Inc.*, 666 F. Supp. 3d 1326, 1330 (S.D. Fla. 2023). These courts have reasoned that distinguishing between when a claim accrues and when a dispute arises is necessary "to reconcile the redundancy of saying that a claim arises *and* accrues" in the EFAA. *Hodgin*, 666 F. Supp. 3d at 132. Other courts have found that the existence of a claim necessarily encompasses an underlying dispute and "[t]o hold otherwise would mean that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint." *Castillo v. Altice USA, Inc.*, 698 F. Supp. 3d 652, 657 (S.D.N.Y. 2023).

In this vein, Plaintiff relies on *Kader v. S. Cal. Medical Center, Inc.*, 99 Cal. App. 5th 214 (2024), in support of her position that the dispute in her case arose when she filed her DFEH complaint. ECF 15 at 7. In *Kader*, the California Court of Appeal found that the employee's claims accrued when he filed a complaint with the DFEH (as opposed to when the alleged sexual harassment occurred), which was after the EFAA's enactment date. *Kader*, 99 Cal. App. 5th at 222. The court reasoned that "[a] dispute arises when one party asserts a right, claim, or demand, and the other side expresses disagreement or takes an adversarial posture." *Id.* The first "dispute" in that case—that is, the first time that the parties were "adverse" to each other—was when plaintiff filed his DFEH complaint. *Id.* at 224. Prior to that, unlike here, the employee had not experienced any adverse employment action such as termination. *Id.* Furthermore, as the court explained, "[t]here [was] no evidence of a disagreement or controversy in th[e] case until after the date of the arbitration agreement and the effective date of the Act, when the employee filed charges with the Department of Fair Employment and Housing (DFEH) in May 2022." *Id.* at 218. There was no evidence, for example, that the plaintiff had complained to anyone at work prior to filing the DFEH charges, or that defendants disagreed with any claim asserted by the plaintiff until after he filed his charges. *Id.* at 224.

Either way, the Court finds that the EFAA does not save Plaintiff's claims, and that arbitration is compelled in this case. Here, unlike in *Kader*, Plaintiff alleges that she made several complaints to Defendant about the workplace environment *prior* to her termination. ECF 1-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09037-MRA-MAA | Date | April 16, 2025 |
|---|---|---|---|
| Title | Jessica Combs v. Netflix, Inc. et al. | | |

¶ 69. She states that Defendant did not respond to these complaints. *Id.* Thus, Defendant effectively expressed disagreement with Plaintiff's complaints through silence—that is, it took a position adverse to Plaintiff by not addressing her concerns. Plaintiff also alleges that Defendant terminated her for making complaints about sexual harassment and creating a hostile work environment *prior* to the enactment of the EFAA. *See, e.g.*, *id.* ¶ 71. Therefore, even if Defendant's silence is not sufficient to infer an adversarial posture, its termination of Plaintiff, without ever addressing any of her complaints, certainly is.

Accordingly, because Plaintiff's claims accrued and her dispute with Defendant arose prior to March 3, 2022, the EFAA does not preclude arbitration of her claims. The Court **GRANTS** Defendant's Motion on this basis alone.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Compel Arbitration. Defendant's pending Motion to Dismiss, ECF 14, is **DISMISSED** as MOOT. This case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

-   :   -

Initials of Deputy Clerk    gga